## HART vs. HIRSCH.

There was sufficient evidence to sustain the finding of the jury; no material errors were committed by the court in its charges or refusal to charge; and there was no abuse of discretion in refusing to grant a new trial in this case.
Judgment affirmed.

March 30, 1885.

BLANDFORD, Justice.

[Andreas Hirsch made affidavit to foreclose a laborer's lien against F. W. Hart, alleging, in brief, as follows: In August, 1882, he contracted with Hart to work on a truck farm, and on October 7, following, he commenced work thereon as a laborer. Hart promised to pay him $500.00 per annum, payable monthly, to furnish a house, rent free, and to pay affiant's traveling expenses from Milwaukee to Atlanta. Affiant labored faithfully on the farm until June 25, 1883. He was prevented from completing the contract by Hart's refusal to pay his wages monthly, though

demands for such payment were repeatedly made. On the last date named, affiant demanded payment of about six months' wages, which Hart refused, saying he would not pay until the year was completed, and thereby terminated the contract. Two days previous to this, Hart removed the personal property of affiant from the house which he occupied, without the consent of the latter and in violation of the contract. Execution was prayed for $255.53, the amount claimed to be due.

Defendant filed a counter-affidavit, in substance, as follows: Plaintiff did not comply with his contract. He drank to excess, neglected his work, and refused and failed to continue it until his time of employment had expired, whereby defendant was damaged $2,500.00 by laying out large sums of money in fitting up the farm on the faith of the engagement, for which suit has already been brought, and for which judgment, by way of recoupment, against the plaintiff is asked.

The jury found for the plaintiff. Defendant moved for a new trial, on the following grounds:

(1.) Because plaintiff is not entitled to a laborer's lien for seed furnished for the use of defendant. [There was no allegation in the affidavit in regard to seed furnished, but the plaintiff testified that, at the time of making the contract, he informed Hart that he had raised seed in Milwaukee, and the latter told him to bring them with him to Atlanta and he (Hart) would pay for them, and that he did bring them. The defendant testified that he told the plaintiff to use his own seed in the quantity needed, and that defendant would pay for them, but plaintiff never rendered any statement of the amount.]

(2.) Because the plaintiff is not entitled to a laborer s lien for freight paid on his goods. [Defendant denied having agreed to pay any freight for plaintiff.]

(3), (4), (5). Because the verdict was contrary to law, evidence and principles of justice and equity.

(6.) Because the court refused to charge, at the request of defendant, as follows :

(*a.*) "In order for the plaintiff to prevail in this case, it is necessary that he must show that he completed his contract of labor."

(*b.*) "If plaintiff did not require a monthly settlement for eight months, this would be a circumstance at which the jury could look, to ascertain whether the truth of the case is, as Hart claims, that he was to give Hirsch money along as he needed it."

(*c.*) "It is immaterial in this case whether, in point of fact, Hart owes Hirsch anything, but the question is, whether Hirsch has a laborer's lien; and if Hirsch does not show all the facts which are necessary, under the law, to constitute a laborer's lien, then he cannot recover in this proceeding."

(*d.*) "If Hirsch quit work on account of Hart's desire to confine him to the farm and not require him to sell vegetables, that would not be a good excuse to quit. Hart had the right to confine Hirsch, in his work, to the farm, if he so desired. Hart had the right to direct Hirsch in his work."

The new trial was refused, and defendant excepted.]